

**Tannenbaum Helpern**
**Syracuse & Hirschtritt** LLP

900 Third Avenue New York, NY 10022-4775
Tel: (212) 508-6700 | Fax: (212) 371-1084
www.thsh.com | @THSHLAW

**Vincent J. Syracuse**
Direct Dial: (212) 508-6722
E-mail: Syracuse@thsh.com

June 5, 2019

**BY ECF**

United States Magistrate Judge Robert W. Lehrburger
Southern District of New York
Courtroom 18D
United States Courthouse
500 Pearl Street
New York, New York 10007

   Re: Entretelas Americanas S.A. v. Soler
     (Case No. 19-cv-03658-LK-RWL) (the "Action")

Dear Magistrate Judge Lehrburger:

  We represent Rafael Ignacio Soler ("Soler"), the Defendant in the above-referenced Action which was referred to your honor by the Honorable Lewis A. Kaplan on April 29, 2019. Soler intends to move to dismiss the Complaint (ECF No. 5) filed against him on May 16, 2019 by Plaintiff Entretelas Americanas S.A. ("Plaintiff" or "Entretelas") pursuant to Fed. R. Civ. Pro. 12. We therefore write to request, pursuant to Section III(D) of Your Honor's Individual Practices in Civil Cases, a pre-motion conference in connection with Soler's impending motion to dismiss Plaintiff's Complaint.

  As set forth below, in addition to the fact that this Court does not have personal jurisdiction over Soler, Plaintiff's Complaint suffers from incurable defects, and should be dismissed in its entirety. Pursuant to Section III(C) of Your Honor's Individual Practices, we hereby inform counsel for Plaintiff of Soler's intention to so-move, and ask that Plaintiff indicate whether it intends to amend its Complaint in its response to this letter. If not, we ask that the Court schedule the pre-motion conference at its earliest convenience.

**This Court Lacks Personal Jurisdiction over Soler**

  Soler is a resident of Florida whose only connection with the State of New York is that he comes here from time to time for medical treatment. Plaintiff's alleges that Soler is "regularly present in New York City." (Complaint ¶ 9.) This lone allegation is woefully insufficient to establish the existence of either general or specific jurisdiction. In New York, "a court may exercise general jurisdiction over a nondomiciliary defendant if the defendant engaged in such a continuous and systematic course of doing business here as to warrant a finding of its presence in this jurisdiction." Thackurdeen v. Duke Univ., 130 F. Supp. 3d 792, 802 (S.D.N.Y. 2015). Plaintiff's allegation that Soler is "regularly present" in New York is both vague and inadequate

United States Magistrate Judge Robert W. Lehrburger
June 5, 2019
Page 2

to satisfy this standard. Plaintiff is similarly unable to allege the existence of specific jurisdiction, which requires minimum contacts, and that the claims "arise from" the alleged contacts. *See* Gelfand v. Tanner Motor Tours, Ltd., 339 F.2d 317, 321-22 (2d Cir. 1964). Even if Plaintiff's allegations were to establish such minimum contacts (and they do not), Plaintiff has not even attempted to allege that its claims for Soler's alleged violation of the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1961-1964, "RICO"), or its state law claims for breach of contract and unjust enrichment, arise in any way from these contacts.

**Plaintiff's RICO Claims Suffer from Incurable Legal Defects**

"Civil RICO is an unusually potent weapon" and "courts must always be on the lookout for the putative RICO case that is really nothing more than an ordinary fraud case clothed in the Emperor's trendy garb." In re Smithkline Beecham Clinical Lab., 1999 WL 33928066 (D. Conn. 1999). Plaintiff's purported RICO claims suffer from a number of incurable defects.

First, the Supreme Court has explicitly held that the RICO statute "does not overcome the presumption against extraterritoriality" and, as a result, "a private RICO plaintiff therefore must allege and prove a **domestic** injury to its business or property." RJR Nabisco, Inc. v. Eur. Community, 136 S. Ct. 2090, 2106 (2016) (emphasis in the original). The RICO statute "does not allow recovery for foreign injuries." *Id.* at 2111. Plaintiff is alleged to be a foreign entity allegedly existing under the laws of France, and based and operated exclusively in Argentina. (Complaint ¶¶ 3-4, 19.) Plaintiff does not allege that Plaintiff maintains any business or property here in the United States, and therefore cannot allege that it has suffered any injury here.

Second, what few allegations Plaintiff can muster of alleged "criminal" conduct by Soler arise directly from Soler's prosecution of a separate litigation against Entretelas in Argentina. (*See* Complaint ¶¶ 19-20, 26.) It is settled law in this Circuit that litigation activities, no matter how malicious or frivolous, cannot constitute a predicate act for the purposes of RICO. *See* Findthebest.com v. Lumen View Tech., 20 F.Supp. 3d 451, 457, 460 (S.D.N.Y. 2014) ("[C]ourts have consistently refused to recognize as wire or mail fraud even litigation activities that rise to the level of malicious prosecution simply because the mail or wires were used."); G-I Holdings, Inc. v. Baron & Budd, 179 F. Supp. 2d 233, 259 (S.D.N.Y. 2001) ("Threats of litigation, and even threats of meritless litigation or the actual pursuit of such litigation, have been held not to constitute acts of extortion."). Plaintiff's remaining allegations are insufficient to satisfy the uniquely demanding pleading standard for a RICO claim. *See* Elsevier Inc. v. W.H.P.R., Inc., 692 F. Supp. 2d 297, 307 (S.D.N.Y. 2010)

Third, accepting the allegations in the Complaint as true, Plaintiff still does not satisfy the "operations or management" test adopted by the Supreme Court in Reeves v. Ernst Young, which requires that the RICO defendant must participate in the operation or management of the enterprise itself. 507 U.S. 170, 179 (1993). Plaintiff makes no such allegations, and indeed its



United States Magistrate Judge Robert W. Lehrburger
June 5, 2019
**Page 3**

entire theory of Soler's alleged "criminal conduct" rests on the premise that he purposefully failed to "advance the corporate and business interests of [P]laintiff." (Complaint ¶ 3.) Plaintiff cannot simultaneously allege that Soler abdicated his responsibility to operate and manage the affairs of Entretelas – as it does throughout its Complaint – and still satisfy the operations or management test required to state a valid RICO claim.

### Plaintiff's Remaining State Law Claims are Also Deficient

Plaintiff also asserts two deficient state law claims for breach of contract and unjust enrichment. (Complaint ¶¶ 44-50.) Plaintiff's unjust enrichment claim arises from Soler's employment with Entretelas, which is already the subject of Soler's employment agreement, and so Plaintiff is unable to state its unjust enrichment claim. See Goldman v. Guardian life Ins. Co., 5 N.Y.3d 561 (N.Y. 2005). Plaintiff's cause of action for breach of contract is conclusory, vague and insufficient to meet the requisite notice pleading standard set by the Supreme Court in Bell Atlantic Corp. v. Twombly and Ashcroft v. Iqbal. See Swan Media Group, Inc. v. Staub, 841 F. Supp. 2d 804, 807-09 (S.D.N.Y. 2012) (breach of contract allegations failed "to specify which clause of the Agreement Defendant...breached or through what actions or inactions").

### The Action Should be Dismissed on Forum Non *Conveniens* Grounds

Plaintiff's own Complaint makes clear that its claims arise from events that are alleged to have transpired almost exclusively in Argentina. Plaintiff alleges that Soler entered into an employment agreement with Entretelas that obligated him to "be based at the administrative office . . . in Argentina." (Complaint ¶ 17). Plaintiff alleges that Soler diverted funds away from Entretelas – which is based in Argentina – by making transfers from "foreign sources." (Complaint ¶ 21.) Plaintiff also alleges that Soler has made "false assertions" in a litigation between Soler and Entretelas that is currently pending in Argentina. (Complaint ¶¶ 19-20.) In other words, Plaintiff is already litigating against Soler in Argentina, and can provide no cogent explanation for why its own claims should not be litigated in Argentina as well. The Complaint should therefore be dismissed on the basis of forum non *conveniens*. See Exaco Trinidad, Inc. v. Astro Exito Navegacion S.A., 473 F. Supp. 331 (S.D.N.Y. 1977).

Soler requests a pre-motion conference with the Court so that it may proceed with its motion to dismiss Plaintiff's Complaint. We thank the Court for its attention to this matter.

Respectfully Submitted,

/s/ Vincent J. Syracuse
Vincent J. Syracuse

cc: Paul Batista, Esq. as Counsel for Plaintiff *via* ECF