Form as of May 1, 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Entretelas Americanas S.A.
                    Plaintiff(s),

    -against-

Rafael Ignacio Soler
                    Defendant(s).

19 CIV. NO. 03658

**[Proposed] Civil Case Management Plan and Scheduling Order**

---

The parties submit this [Proposed] Civil Case Management Plan and Order pursuant to Federal Rule of Civil Procedure 26(f):

1.  **Meet and Confer:** The parties met and conferred pursuant to Fed. R. Civ. P. 16(c) and 26(f) on June 10, 2019.

2.  **Alternative Dispute Resolution / Settlement:**

    a.  Settlement discussions have ☐ / have not ☑ taken place.

    b.  The parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

    Defendant intends to move to dismiss Plaintiff's Complaint in its entirety (see ECF No. 6), and the parties do not believe settlement discussions would be productive at this time.

    c.  The parties have discussed use of alternative dispute resolution mechanisms for use in this case, such as (i) a settlement conference before the Magistrate Judge, (ii) participation in the District's Mediation Program, and (ii) retention of a private mediator. The parties propose the following alternative dispute mechanism for this case:

    Defendant intends to move to dismiss Plaintiff's Complaint in its entirety (see ECF No. 6), and the parties do not believe alternative dispute resolution would be productive at this time.

1

   d.  The parties recommend that the alternative dispute resolution mechanism designated above be employed at the following point in the case (e.g., within the next 30 days; after exchange of specific information; after deposition of plaintiff; etc.):

   Defendant intends to move to dismiss Plaintiff's Complaint in its entirety (see ECF No. 6), and the parties do not believe alternative dispute resolution would be productive at this time.

   e.  The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

3. **The Parties' Summary of Their Claims, Defenses, and Relevant Issues:**

   Plaintiff(s):

   Plaintiff contends that defendant Soler, the highest ranking executive of a South American affiliate of a French public company with worldwide operations, improperly diverted funds belonging to plaintiff to bank accounts in the United States for a period of at least ten years. Plaintiff's position is that defendant

   Defendant(s):

   This Court lacks jurisdiction over Defendant. Plaintiff is unable to state a RICO claim as a matter of law because, inter alia, it cannot allege a domestic injury and its RICO claims arise from litigation activities. Plaintiff's unjust enrichment claim is legally deficient and its breach of contract claim is insufficiently plead. (ECF No. 6)

4. **The Parties' Asserted Basis of Subject Matter Jurisdiction:**

   This Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 due to Plaintiff's allegation that Defendant has violated provisions of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 et seq. 7. In addition, this Court also has original jurisdiction under the provisions of 28 U.S.C. § 1332.

5. **Subjects on Which Discovery May Be Needed:**

   Plaintiff(s):

   Among other things, Soler's conduct in abusing his position to divert the delivery of funds to which he was not entitled into the United States banking system; Soler's use of the diverted funds, and Soler's persistent presence in the United States when his duties to Plaintiff did not require him to be here and in fact his presence here diverted his performance of his duties.

<u>Defendant(s)</u>:

Plaintiff's claims suffer from a number of incurable defects and its Complaint should be dismissed in its entirety. (See ECF No. 6). To the extent any discovery is required, potential subjects include Defendant's employment with Plaintiff, the earned compensation he properly received from Plaintiff, and Defendant's ongoing litigation against Plaintiff in Argentina.

6. **Initial Disclosures** pursuant to Fed. R. Civ. P. 26(a)(1) will be exchanged no later than 7/10/2019.

7. **Amended Pleadings:**

   a. No additional parties may be joined after 10/1/2019, without consent or leave of Court.

   b. No amended pleadings may be filed after 12/31/2019, without consent or leave of Court.

8. **Fact Discovery:**

   a. All fact discovery shall be completed by 12/31/2019.

   b. Initial requests for production were/will be served by 9/30/2019. Any subsequent requests for production must be served no later than 45 days prior to the discovery completion deadline.

   c. Initial interrogatories shall be served by 9/30/2019. Any subsequent interrogatories must be served no later than 45 days prior to the discovery completion deadline.

   d. Depositions shall be completed by 12/31/2019.

   e. Requests to admit shall be served by 9/30/2019.

   f. The parties propose the following limits on discovery:

   The parties are unable to agree on any limitations on discovery at this time.

   g. Except as otherwise modified in 8(f) above, the parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The interim fact discovery deadlines may be altered by the parties on consent without application to

      the Court, provided that the parties meet the deadline for completing fact discovery.

h.    The parties would like to address at the conference with the Court the following disputes, if any, concerning fact discovery:

In light of Defendant's motion to dismiss Plaintiff's Complaint in its entirety, the parties are unable to state whether there are likely to be any discovery disputes for the Court to resolve at this time.

9. **Expert Discovery (if applicable):**

   a.    The parties do [✓] / do not [ ] anticipate using testifying experts.

   b.    Anticipated areas of expertise:

   The nature, extent and propriety of transfers Defendant received from Plaintiff.

   c.    Expert discovery shall be completed by 2/15/2020.

   d.    By 12/31/2019, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth above.

   e.    The parties would like to address at the conference with the Court the following disputes, if any, concerning expert discovery:

   In light of Defendant's motion to dismiss Plaintiff's Complaint in its entirety, the parties are unable to state whether there are likely to be any expert discovery disputes for the Court to resolve at this time.

10. **Electronic Discovery and Preservation of Documents and Information:**

    (If appropriate for the case, use the Court's Joint Electronic Discovery Submission and Proposed Order available at: http://nysd.uscourts.gov/judge/Lehrburger.

    a.    The parties have [ ] / have not [✓] discussed electronic discovery.

    b.    If applicable, the parties shall have a protocol for electronic discovery in place by 9/30/2019.

    c.    The parties would like to address at the conference with the Court the following disputes, if any, concerning electronic discovery:

        In light of Defendant's motion to dismiss Plaintiff's Complaint in its entirety, the parties are unable to state whether there are likely to be any electronic discovery disputes for the Court to resolve at this time.

**11.**   **Anticipated Motions** (other than summary judgment, if any):

Defendant will be filing a motion to dismiss the Complaint in its entirety pursuant to FRCP 12. (See ECF No. 6).

**12.**   **Summary Judgment Motions:** No less than 30 days before a party intends to file a summary judgment motion, and in no event later than the close of discovery, the party shall notify this Court, and the District Judge, that it intends to move for summary judgment and, if required by the District Judge's Individual Practices, request a pre-motion conference.

If pre-motion clearance has been obtained from the District Judge where required, summary judgment motions must be filed no later than 30 days following the close of all discovery if no date was set by the District Judge or, if a date was set by the District Judge, in accordance with the schedule set by the District Judge. If no pre-motion conference is required, summary judgment motions must be filed no later than 30 days following the close of discovery.

Any summary judgment motion must comply with the Federal Rules of Civil Procedure, the Local Rules of this District, and the Individual Practices of the District Judge to whom the case is assigned.

**13.**   **Pretrial Submissions:** The parties shall submit a joint proposed pretrial order and any required accompanying submissions 30 days after decision on the summary judgment motion(s), or, if no summary judgment motion is made, 30 days after the close of all discovery.

**14.**   **Trial:**

    a.    All parties do ☐ / do not ☑ consent to a trial before a Magistrate Judge at this time.

    b.    The case is ☑ / is not ☐ to be tried to a jury.

    c.    The parties anticipate that the trial of this case will require __7__ days.

**15.**  **Other Matters the Parties Wish to Address (if any):**

The parties wish to address a proposed briefing schedule for Defendant's impending motion to dismiss the Complaint. In addition, Defendant wishes to address the issue of whether discovery in this action should be postponed or otherwise stayed pending the Court's decision on Defendant's motion to dismiss the Complaint in its entirety.

**16.**  The Court will fill in the following:

☐ A status conference will be held before the undersigned on _____ at _____ .m. in Courtroom 18D, 500 Pearl Street.

☐ The parties shall submit a joint status letter every _____ days and shall also inform the Court at the time the parties believe a settlement conference would be fruitful.

Dated: 6/12/2019 _____

SO ORDERED.

_____
ROBERT W. LEHRBURGER
United States Magistrate Judge

PLAINTIFF(S):                     DEFENDANT(S):

Paul A. Batista                      Vincent J. Syracuse

ATTORNEY NAME(s):           ATTORNEY NAME(s)

| | |
|---|---|
| Paul Batista P.C. | Tannenbaum Helpern Syracuse & |
| 26 Broadway, Suite 1900<br>NY, NY 10004<br>ADDRESS | 900 Third Avenue<br>NY, NY 10022<br>ADDRESS |
| TEL: (212) 980-0070 | TEL: (212) 508-6700 |
| EMAIL: batista007@aol.com | EMAIL: Syracuse@thsh.com |